UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KINDRED HOSPITALS EAST, L.L.C. d/b/a
KINDRED HOSPITAL – BAY AREA –
ST. PETERSBURG

    Plaintiff,

v.       Case No. 1: 17-cv-851-LJV-HKS

BUFFALO BOARD OF EDUCATION;
BUFFALO BOARD OF EDUCATION
EMPLOYEE BENEFIT PLAN; and
HEALTHNOW NEW YORK, INC. d/b/a
BLUECROSS BLUESHIELD OF
WESTERN NEW YORK

    Defendants.

## PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SUR-REPLY

PLEASE TAKE NOTICE that a motion will be made before this Court at the United States Courthouse, 2 Niagara Square, Buffalo, New York 14202, at a date and time to be designated by the Court, for an Order permitting Plaintiff Kindred Hospitals East, L.L.C. d/b/a Kindred Hospital – Bay Area – St. Petersburg ("Kindred") leave to file a sur-reply to the Reply Memorandum of Law in Further Support of Motion to Dismiss Amended Complaint (the "Buffalo Defendants' Reply," DN 86) filed by defendants Buffalo Board of Education (the "Board") and Buffalo Board of Education Employee Benefit Plan (the "Plan" and together with the Board, the "Buffalo Defendants") in the event that the Court does not hold oral argument as to the Buffalo Defendants' Motion to Dismiss Amended Complaint (DN 77). Kindred respectfully requests that it be provided 10 days from the date of entry of any such order to file such a sur-reply of no more than five pages. Responses to this Motion are due 14 days after

service of this Motion pursuant to Local Rule 7(b)(2)(B), unless the Court issues an order setting other deadlines.

In support of this Motion, Kindred states as follows:

1. On March 23, 2018, the Buffalo Defendants filed the Buffalo Defendants' Reply. Despite the allegations in Kindred's First Amended Complaint, the Buffalo Defendants argue in the Buffalo Defendants' Reply that Kindred has not plausibly alleged it was an assignee of the Insured's claims for benefits under the Plan. In doing so, the Buffalo Defendants heavily rely on two Florida cases, *Mendez v. Hampton Court Nursing Ctr., LLC*, 203 So. 3d 146 (Fla. 2016) and *Lepisto v. Senior Lifestyle Newport Ltd. P'ship*, 78 So. 3d 89, 93-94 (Fla. App. 2012).

2. As with many arguments made by Defendants, the arguments they raise concerning the validity of the assignment are an ever-shifting target. In that regard, the Buffalo Defendants have previously filed no less than five separate briefs regarding, among other things, the validity of the assignment and never once have they cited, much less heavily relied on, *Mendez* and *Lepisto*, as they now do.

3. In particular, the Buffalo Defendants previously filed a Motion to Dismiss Plaintiff's Complaint or, in the Alternative, Transfer Venue (DN 6) and a Reply in Support thereof (DN 32) when this matter was pending in the United States District Court for the Middle District of Florida, at which point the Buffalo Defendants were represented by a Florida attorney. Nonetheless, at that point, the Buffalo Defendants did not contend that *Mendez* and *Lepisto* had any application to this case and did not cite those cases at all.

4. The Buffalo Defendants also filed a second Motion to Dismiss Kindred's Complaint (DN 52) and Reply in Support thereof (DN 60) after the matter was transferred to this

Court. Again, they did not contend that *Mendez* and *Lepisto* had any application to this case and did not cite those cases at all.

5. The Buffalo Defendants next filed a Motion to Dismiss Kindred's First Amended Complaint (DN 77), again failing to contend that *Mendez* and *Lepisto* had any application to this case or even to cite those cases.

6. Because the Buffalo Defendants wholly failed to even cite *Mendez* or *Lepisto* to this point in the proceedings despite having briefed the assignment issue no less than five separate times, Kindred has not addressed for this Court the numerous reasons that *Mendez* and *Lepisto* do not have any bearing on whether Kindred's First Amended Complaint should be dismissed. For instance, not only are those cases distinguishable on their facts and on the issues being addressed by the Court, but *Mendez* expressly stated that whether a son signing an admission agreement for a nursing home on his father's behalf was his father's representative was a question of fact, as questions regarding the existence and scope of an agency relationship generally are. *See Mendez*, 203 So. 3d at 150-151.

7. Should the Court hold oral argument on Defendants' Motions to Dismiss Kindred's First Amended Complaint, as Defendants have requested (*See* DN 76, 77), Kindred will address the reasons that *Mendez* and *Lepisto* have no bearing on this matter at that argument. However, should the Court decline to hold such oral argument, Kindred respectfully requests the opportunity to file a brief sur-reply, of no more than five pages, to address the Buffalo Defendants' new-found reliance on *Mendez* and *Lepisto*.

WHEREFORE, for the foregoing reasons, Kindred requests that, if the Court declines to hold oral argument regarding this matter, the Court grant Kindred leave to file a sur-reply to the

Buffalo Defendants' Reply in Support of their Motion to Dismiss Kindred's First Amended Complaint within ten days of entry of any order granting that relief.

Dated:  March 28, 2018                                    Respectfully submitted,

*/s/ Matthew Cory Williams*
Adrianne J. Simon (*admitted pro hac vice*)
Matthew Cory Williams
FULTZ MADDOX DICKENS PLC
101 South Fifth Street, 27th Floor
Louisville, Kentucky 40202-3116
Telephone:  502-588-2000
Facsimile:  502-588-2020
asimon@fmdlegal.com
mwilliams@fmdlegal.com
*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on March 28, 2018, I filed the foregoing document via the ECF system, which will serve all counsel of record.

                    */s/ Matthew Cory Williams*
                    *Counsel for Plaintiff*