UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



KINDRED HOSPITALS EAST, LLC, d/b/a
Kindred Hospital – Bay Area – St.
Petersburg,

           Plaintiff,

  v.

BUFFALO BOARD OF EDUCATION,
BUFFALO BOARD OF EDUCATION
EMPLOYEE BENEFIT PLAN, and
HEALTHNOW NEW YORK, INC., d/b/a
BlueCross BlueShield of Western New
York,

           Defendants.

17-CV-851
DECISION & ORDER

In March 2017, the plaintiff, Kindred Hospitals East, LLC ("Kindred"), commenced this action in the Circuit Court of the Sixth Judicial Circuit, Pinellas County, Florida. Docket Item 1-1. Kindred alleges that the defendants, the Buffalo Board of Education and the Buffalo Board of Education Employee Benefit Plan (collectively, the "Board") and HealthNow New York, Inc. ("HealthNow"), breached various contracts in refusing to pay for medical treatment Kindred provided to a patient ("the Insured"). The Insured had primary coverage under Medicare Part A and secondary coverage under a plan provided by the Board and administered by HealthNow. See Docket Item 73. Kindred claims that after the Insured's Medicare coverage was exhausted, the defendants were financially responsible for the additional ten months of treatment and care Kindred provided to the Insured. See id.

On May 10, 2017, the defendants removed the matter to the United States District Court for the Middle District of Florida. Docket Item 1. On August 23, 2017, Hon. Susan C. Bucklew, United States District Judge for the Middle District of Florida, granted the defendants' motion to transfer the case to the Western District of New York. Docket Item 39. The case then was assigned to this Court, and the defendants moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. Docket Items 52 and 53.

On October 2, 2017, this Court referred the case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B). Docket Item 55. On November 28, 2017, Kindred moved to amend its complaint. Docket Item 63. After Judge McCarthy granted Kindred's request that he recuse himself, Docket Items 62 and 70, the case was reassigned to United States Magistrate Judge H. Kenneth Schroeder, Jr., for all proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Docket Item 71. On December 27, 2017, Judge Schroeder granted Kindred's motion to amend its complaint and found that the defendants' motions were moot. Docket Item 72. On January 2, 2018, Kindred filed an amended complaint. Docket Item 73. The amended complaint asserts claims under state law for (1) breach of plan, (2) breach of oral contract, and (3) breach of implied-in-fact contract. *Id.* It also seeks a declaration of rights. *Id.*

On February 2, 2018, the defendants again moved to dismiss, Docket Items 76 and 77; on February 27, 2018, the plaintiff responded, Docket Items 81 and 82; on March 23, 2018, the defendants replied, Docket Items 86 and 87; and on April 16, 2018, the plaintiff sur-replied, Docket Item 91. On October 2, 2018, Judge Schroeder issued a

Report and Recommendation ("R&R") finding that HealthNow's motion should be granted and that the Board's motion should be granted in part and denied in part. Docket Item 92. More specifically, Judge Schroeder recommended dismissing Kindred's claim against the Board for a declaratory judgment but allowing its claims for breach of plan, breach of oral contract, and breach of implied-in-fact contract to proceed. *Id.*

On October 16, 2018, the Board objected to the R&R on the grounds that Judge Schroeder erred in finding (1) that Kindred's claims were not barred by the applicable statute of limitations; and (2) that Kindred had adequately pleaded the elements of either an oral or implied-in-fact contract. Docket Item 95. HealthNow also objected, not as to Judge Schroeder's recommendation to dismiss Kindred's claims for breach of oral and implied-in-fact contracts against HealthNow, but instead as to his recommendation to deny the Board's motion to dismiss those same claims. Docket Item 94. Kindred did not object to any part of the R&R. *See* Docket Item 98. On November 8, 2018, Kindred responded to the defendants' objections. Docket Items 98 and 99. And on November 26, 2018, the Board replied. Docket Item 100.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. § 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. § 72(b)(3).

This Court has carefully reviewed the thorough R&R; the record in this case; the objections, responses, and reply; and the materials submitted by the parties. Based on

that *de novo* review, and for the following reasons, the Court accepts and adopts Judge Schroeder's recommendation to grant HealthNow's motion and to grant in part and deny in part the Board's motion.

## DISCUSSION

The Court assumes familiarity with the facts alleged in the amended complaint, *see* Docket Item 73, and Judge Schroeder's analysis in the R&R, *see* Docket Item 92.

I. **WHETHER KINDRED'S CLAIMS ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS**

The Board first objects to the recommendation not to dismiss Kindred's claims for failure to timely file a notice of claim or otherwise comply with the applicable statute of limitations. *See* Docket Item 95 at 11-23. This Court is not persuaded and agrees with Judge Schroeder's recommendation.

### A. Breach of Plan

The Board argues that Kindred's claim for breach of plan is barred because Kindred did not timely file a notice of claim as required under New York State Education Law § 3813. *Id.* at 16-22. For the reasons stated in Judge Schroeder's R&R, Kindred has adequately pleaded that the procedures in the Buffalo Public Schools Summary Plan Description ("SPD") supplanted the statutory limitations in section 3813 and that, as the assignee of the Insured's rights, Kindred was entitled to rely on the procedures in the SPD. *See* Docket Item 92 at 18-20. As to the separate question of whether the Insured's assignment of rights to Kindred was proper, that question is, as Judge

4

Schroeder found, an issue of fact not susceptible to resolution on a motion to dismiss. See id. at 20.

The Board also objects to Judge Schroeder's recommended finding that Kindred met all requirements of the SPD appeals process. See Docket Item 95 at 22-23. The Board argues that because Kindred failed to avail itself of certain internal appeal procedures, it did not perform under the contract and therefore cannot sue for breach. See id.

Kindred submitted its first claim to HealthNow on March 19, 2016. Docket Item 73 at 9. That claim was denied on April 4, 2016. Id. at 12. Under the SPD, Kindred had "180 days following receipt of the notification to appeal the decision. Otherwise, the initial adverse benefit determination shall be the final decision of [the Board]." Docket Item 73-1 at 55, 57. The SPD also provides: "No action at law or in equity can be brought to recover under this Plan after the expiration of three years after the claim has been filed with [HealthNow]." Id. at 57, 59.

On its face, the SPD does not require a claimant to internally appeal an adverse benefit determination in order to avail itself of the SPD's three-year limitations period. Indeed, whereas the SPD provides that "[a] claim for benefits *must* be filed within 12 months of the date of service," id. at 53 (emphasis added), it states that a claimant "*may* appeal an adverse benefit determination," id. at 55, 57 (emphasis added). And the Board has not given any non-textual reason to find that use of the SPD appeal procedure is mandatory. Because there is no dispute that Kindred timely submitted its claim and filed suit, Kindred's claim for breach of plan may proceed.

5

## B. Breach of Oral and Implied-in-Fact Contracts

The Board also objects, on similar grounds, to the recommended finding that Kindred's claims for breach of oral and implied-in-fact contracts were timely filed. The Board argues that Kindred may rely upon the SPD's extended statute of limitations only with respect to contracts formed when Kindred was acting as the Insured's assignee. *See* Docket Item 95 at 12-16. According to the Board, Kindred was not acting in that capacity when it spoke with the HealthNow representative or later accepted payment from HealthNow. *See id.* That argument fails for two related reasons, both articulated by Judge Schroeder.

First, "the SPD . . . contemplates that parties other than the beneficiary, such as health care providers, would be using its claims and appeals process." Docket Item 92 at 19. The SPD's procedural framework therefore is not limited to beneficiaries but may be construed to include health care providers such as Kindred. In other words, even assuming that Kindred was acting on its own and not in its capacity as assignee when it spoke to HealthNow, Kindred still could invoke the SPD's statute of limitations to the extent its alleged oral and implied contracts with HealthNow arose out of the SPD.

Second, Kindred has pleaded just that. As Judge Schroeder explained, "HealthNow, as the agent and claims administrator . . . , would never have made any specific representations regarding coverage or made payments toward[ ] that coverage if the SPD did not exist." *Id.* at 21. The SPD, in fact, "clearly contemplates" that HealthNow would act as the Board's agent with respect to the SPD. *Id.* "[B]y the SPD's terms, all communication is between the claimant"—which now may be construed to include Kindred on behalf of the Insured—"and the Plan Administrator, in this case, HealthNow." *Id.* (citations omitted). This conclusion is bolstered by Kindred's allegation

6

that on March 22, 2016—a month before the April 16, 2016 notice of claim expiration date advanced by the Board—Kindred accessed the SPD via the Board's website and apprised itself of the SPD's claims submission and appeals process. See Docket Item 73 at 10. A reasonable inference from that allegation is that Kindred believed the oral and implied-in-fact contracts formed with HealthNow were governed by the terms of the SPD.

In short, the complaint plausibly alleges that the Board—via its agent, HealthNow—contracted with Kindred regarding the SPD, thereby allowing Kindred to invoke the SPD's contractual statute of limitations. Because, as Judge Schroeder found, the Board also has plausibly alleged adherence to the timeline provided in the SPD, Kindred's claims for breach of oral and implied-in-fact contracts, counts two and three, are not barred by New York State Education Law § 3813 and its limitations period.

## II. WHETHER HEALTHNOW'S REPRESENTATIONS AND KINDRED'S PROVISION OF CARE GAVE RISE TO AN IMPLIED-IN-FACT OR ORAL CONTRACTS

The Board also objects to Judge Schroeder's recommendation that Kindred's claims for breach of oral and implied-in-fact contracts proceed against the Board. According to the Board, Kindred failed to allege the necessary elements of consideration and an intent to be bound. See Docket Item 95 at 24-28. This Court disagrees.[1]

---

[1] Kindred argues that HealthNow lacks standing to challenge Judge Schroeder's R&R because Judge Schroeder recommended granting HealthNow all the relief it sought—that is, dismissal of all counts against it. See Docket Item 98 at 5-7. The Court need not decide this issue because HealthNow's submission merely repeats arguments raised by the Board in both its motion to dismiss and its objection. See Docket Item 95

Kindred alleges that "[i]n September 2015, the Insured was referred to Kindred Hospital." Docket Item 73 at 4. "Prior to admission, Kindred Hospital pulled information from Medicare's Common Working File and determined that the Insured had 137 Part A hospital days left. . . . The Common Working File information also disclosed secondary coverage through HealthNow, as did the information provided by the referring hospital. . . ." *Id.* at 5. "Thus, as part of the verification process, Kindred Hospital also contacted HealthNow . . . by telephone to verify coverage and the terms of payment." *Id.* at 6. During that call, a HealthNow representative promised that "Kindred would be paid at 100 percent of its contract rate with the local [HealthNow] affiliate . . . after Medicare Part A hospital benefits exhausted." *Id.*

Shortly before the Insured's Medicare Part A hospital benefits were exhausted, HealthNow advised Kindred that it would not provide full post-exhaustion coverage. *Id.* at 7. But by then, "[g]iven the Insured's multiple comorbidities[,] . . . no skilled nursing facility . . . was able to provide the Insured with the intensity of services she required[, and Kindred] cannot discharge a patient without a doctor's order and a safe discharge option, neither of which were available." *Id.* at 12-13. Kindred therefore "continued to provide medically necessary care" to the Insured after her 137 days expired. *Id.* at 12.

---

at 24 (Board objecting to Judge Schroeder's recommended finding that Kindred's care of the Insured gave rise to an oral or implied-in-fact contract and explaining that these arguments were raised before Judge Schroeder "by HealthNow in support of its motion to dismiss, and adopted by the [Board] in its motion papers"); *see also* Docket Item 77-1 at 26 (Board's motion to dismiss) ("As more fully stated in HealthNow's memorandum of law in support of dismissal of the Amended Complaint, Kindred failed to allege privity of contract with HealthNow or consideration sufficient to support a contract." (citation omitted)). The Court therefore considers and refers only to the Board's specific objections.

8

And HealthNow did pay for some of the Insured's post-exhaustion care. *See id.* at 8, 12.

The Court agrees with the defendants that Kindred has failed to plausibly allege that its *admission* of the Insured as a patient constituted valid consideration for the alleged implied-in-fact and oral contracts. "Consideration sufficient to create a contract 'consists of either a benefit to the promisor or a detriment to the promisee.'" *Vista Food Exch., Inc. v. BenefitMall*, 138 A.D.3d 535, 536 (N.Y. App. Div. 2016) (quoting *Weiner v. McGraw-Hill, Inc.*, 57 N.Y.2d 458, 464 (1982)). Kindred claims, vaguely, that the Insured was referred to the hospital in September 2015 and that "as part of the verification process," it contacted HealthNow to confirm that HealthNow would provide post-exhaustion coverage. Docket Item 73 at 5-6. But it does not claim that the representation by the HealthNow representative was the reason that it admitted the Insured. Indeed, the complaint fails even to set forth a timeline permitting such an inference to be drawn—it does not allege, for example, that the phone call at issue took place prior to the Insured's admission.

The complaint does, however, adequately plead that Kindred's *ongoing care* of the Insured constituted valid consideration. Significantly, although the Board may be correct that Kindred had a pre-existing legal obligation to care for the Insured and that its ongoing care therefore could not constitute valid consideration,[2] it failed to properly raise this argument, waiting to do so until its reply to this Court.

---

[2] *See, e.g., Goncalves v. Regent Int'l Hotels, Ltd.*, 58 N.Y.2d 206, 220 (1983) ("A promise to perform an existing legal obligation is not valid consideration to provide a basis for a contract." (citing *Ripley v. Int'l Rys. of Cent. Am.*, 8 N.Y.2d 430, 441 (1960)); *Zheng v. City of New York*, 93 A.D.3d 510, 512 (N.Y. App. Div. 2012) (holding that a

9

In its motion to dismiss, the Board—via HealthNow—observed only that "Kindred was already *required* to provide services to the Insured." Docket Item 76-1 at 18 (emphasis added). And in its objection to the R&R, the Board similarly observed that "Kindred was already *obligated* to care for the Insured just because it admitted her." Docket Item 95 at 26 (emphasis added). But at no point did the Board, as it must to raise this particular defense, "point to any *legal* obligation for Kindred to treat the Insured for any particular period of time." Docket Item 99 at 27 (emphasis in original). Apparently in reaction to Kindred's highlighting this failure in its response to the Board's objections, *see id.*, the Board referenced various Medicare regulations in its reply to Kindred's response to its objections, *see* Docket Item 100 at 9. Even assuming the Court would consider arguments not raised before the magistrate,[3] it will not consider this particular argument because the Board waived it by not raising it in its initial objection. *See Playboy Enters., Inc. v. Dumas*, 960 F. Supp. 710, 720 n.7 (S.D.N.Y. 1997) ("Arguments made for the first time in a reply brief need not be considered by a court." (citations omitted)); *cf. United States v. Yousef*, 327 F.3d 56, 115 (2d Cir. 2003) (per curiam) ("We will not consider an argument raised for the first time in a reply brief." (citations omitted)).

The question thus is whether Kindred has adequately pleaded that its ongoing treatment of the Insured constituted a detriment it was not otherwise legally obligated to

---

promise to comply with an existing regulation, like a promise to comply with an existing law, is not valid consideration).

[3] *Cf. Ryu v. Hope Bancorp, Inc.*, 786 Fed. App'x 271, 272 n.2 (2d Cir. 2019) (summary order) (observing that the Second Circuit has "not yet decided whether" an appellant's "arguments on appeal are forfeited or waived because he failed to raise them until his objections to the magistrate judge's report and recommendation").

incur, notwithstanding its assertion that it "cannot discharge a patient without a doctor's order and a safe discharge option, neither of which were available [for the Insured]," *see* Docket Item 73 at 12-13. In answering this question, the Court "construe[s] all reasonable inferences that can be drawn from the complaint in the light most favorable to the plaintiff." *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012) (citation omitted).

Kindred's asserted obligation reasonably could be construed as something other than one that is legally required. Kindred might, for example, have had in place internal operating procedures that generally obliged it to care for infirm patients. But such a self-imposed duty, standing alone, would not necessarily have legally constrained Kindred from discharging the Insured. What is more, there might have been possibilities—Hospice care, for example—that Kindred might have explored had it not been for the Board's alleged representation. In other words, Kindred may well have forbore—on the basis of oral communications and ongoing conduct—from exercising its legal right to discharge the Insured. *Cf. Zellner v. Conrad*, 183 A.D.2d 250, 256 (N.Y. App. Div. 1992) ("Because in an at-will employment the employer has the right to discharge the employee . . . without cause, and without being subject to inquiry as to his motives . . . , forbearance of that right is a legal detriment which can stand as consideration for a restrictive covenant."). Kindred thus has adequately alleged the consideration necessary to support its claims for breach of oral and implied-in-fact contracts.

11

The Board also argues that the information HealthNow allegedly supplied to Kindred was insufficiently concrete to constitute an offer. It cites two New York Appellate Division cases in support of its argument. But neither case is persuasive.

In *Four Winds of Saratoga v. Blue Cross & Blue Shield of Central New York*, the Third Department denied the plaintiff healthcare provider's claim for estoppel because the correspondence at issue "carried no explicit promise of payment, [the] defendant [insurance company having] retain[ed] its right to deny approval in any event." 241 A.D.2d 906, 907 (N.Y. App. Div. 1997). Here, Kindred alleges that, in stark contrast, HealthNow explicitly promised post-exhaustion coverage.

In *Stafkings Health Care System, Inc. v. Blue Cross & Blue Shield of Utica-Watertown*, the Fourth Department dismissed a claim for negligent misrepresentation because the plaintiff healthcare provider had failed to plead the existence of a "special relationship" between the plaintiff and the defendant insurance company. 221 A.D.2d 908, 908 (N.Y. App. Div. 1995). But Kindred does not claim the tort of negligent misrepresentation. It claims that the Board breached an oral contract formed directly between Kindred and HealthNow, the Board's agent. Even if HealthNow may not have owed "a *duty* . . . to impart correct information to [Kindred]," *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 180 (2011) (emphasis added) (citation omitted), the absence of such a duty is no defense to an allegation that a direct contract was formed between two parties. And Kindred's allegation that HealthNow promised to cover the Insured at specific rates and for specific services is sufficient, at this early stage, to claim that a contract was formed.

Finally, the Board argues in its reply to this Court that "the [Board], through HealthNow, repudiated any promise to provide coverage before Medicare Part A was exhausted." Docket Item 100 at 7. But, as noted above, the Court will not address the merits of an argument raised for the first time in the Board's reply to Kindred's response to its objections. Before then, the Board, either through its own submissions or via HealthNow's submissions, argued only that no oral or implied-in-fact contracts were ever formed. See Docket Item 76-1 at 15-22; Docket Item 95 at 24-28. At no point did it move to dismiss the amended complaint on the ground that these contracts subsequently were rescinded or otherwise repudiated. That the Board raised these arguments in its motion to dismiss the original complaint does nothing to preserve them with respect to the amended complaint, which "renders [any prior complaint] of no legal effect," *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977) (citations omitted). And in any event, the Board's assertion does nothing more than create an issue of fact that cannot be resolved in a motion to dismiss.

For all these reasons, and for the reasons given by Judge Schroeder, Kindred's claims against the Board for breach of oral and implied-in-fact contracts, counts two and three, may proceed.

## CONCLUSION

For the reasons stated above and in the R&R, HealthNow's motion to dismiss, Docket Item 76, is GRANTED; the Board's motion to dismiss, Docket Item 77, is GRANTED with respect to count four but DENIED with respect to counts one, two, and three; and the Clerk of the Court shall terminate HealthNow as a party to this action. The case is referred back to Judge Schroeder for further proceedings consistent with the referral order of December 22, 2017, Docket Item 71.

SO ORDERED.

Dated: February 10, 2020
Buffalo, New York

LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE